## Case No. 11,409.

### In re PRICE.

### [4 N. B. R. 406 (Quarto, 137).] [1]

District Court, S. D. New York.    Feb. 8, 1871.

BANKRUPTCY—CAUSES FOR REMOVAL OF ASSIGNEE —EMPLOYMENT OF COUNSEL BY REGISTER.

1. An assignee who fails to deposit funds in his hands belonging to the estate of which he is the assignee, as required by the rules of court; who suffers the foreclosure of a mortgage, neglecting an opportunity to purchase it at less than its face; is guilty of similar neglect in regard to a judgment; pays money out of the estate to satisfy the judgment after a levy by the sheriff; pays seven per cent. interest while he is loaning moneys belonging to the estate at six per cent., and also fails to comply with the directions of the register, as required by the bankrupt act and rules of court, will be required to show cause why he should not be removed from his trust.

2. Register directed to employ counsel to represent the estate of the bankrupt at the hearing of the order to show cause.

By JOHN W. LITTLE, Register:

I, the undersigned register, in charge of the above bankruptcy, do hereby bring to the notice of this court the failure by Stewart Young, the assignee in said bankruptcy, to comply with the provisions of the rule of this court, adopted November 13, 1869 (3 N. B. R. 304, see rule), although the said assignee has, from time to time, had his attention called to said rule by the undersigned, and said assignee absolutely refuses to make and file any account whatever in the above matter.

In connection with the foregoing certificate the undersigned respectfully makes the following statement to the court of the condition of the estate of the above bankrupt, which has but recently come to his knowledge. Stewart Young was duly chosen assignee in the above bankruptcy on the 8th day of November, 1869; such choice was duly approved, and an assignment of said bankrupt's effects has been duly made to him; said estate consisted of both real and personal property, which were incumbered by mortgages. Soon after said assignment, said assignee entered upon, took possession of, and sold, all the assets of said estate, for about fourteen thousand dollars, without any order or direction from said court, but said assignee has not yet delivered a deed to the purchaser of said real estate; that the undersigned is informed by said assignee that he has received a considerable portion of said price, and still holds the same in his possession, never having deposited it, or any part thereof, as required by the rules of this court. That since said sale and the proceeds thereof came into the hands of said assignee, he has suffered an action to be commenced in the supreme court of the state of New York to foreclose a mortgage "past due" on the real estate of said bankrupt, which, at time of sale, said assignee agreed with the purchaser thereof, to pay out of the proceeds of the sale of said real estate; and a judgment of foreclosure and sale, with a large amount of costs to be entered therein at the circuit of said court by default, and said real estate is now advertised to be sold by the sheriff of Orange county under said judgment of foreclosure and sale, on February 11, 1871; that the owner and holder of said mortgage, before said action was brought, and before judgment thereon, offered to accept from said assignee a sum less than the principal secured thereby, without suit and without judgment, but said assignee refused to compromise the same. That said Stewart Young also suffered another judgment to be taken against him at the same circuit by default, by reason of an action taken, commenced in said court against him individually, to recover the amount of a debt against said bankrupt, secured by a chattel mortgage on certain personal property belonging to said estate, which had been taken and sold by said assignee as a part of the assets of such estate; that such judgment also includes a large amount of costs. The owner and holder of the mortgage in this case also offered to compromise the claim before said circuit and before judgment for a less sum than the amount secured by his mortgage, but said assignee refused to compromise the same; that said last mentioned judgment was taken against the said Stewart Young individually at said circuit by default, and that said Young has since paid the same out of the estate of said bankrupt to the sheriff of the county of Orange. That said assignee has loaned the funds belonging to said estate upon individual notes without security, and without authority or directions from the court, at the rate of six per cent. per annum interest, and paid interest out of the estate on secured debts at the rate of seven per cent. per annum.

BLATCHFORD, District Judge. The register will forthwith have issued out of this court and served on the proper parties, an injunction restraining the sale before named, advertised for February 11th, 1871. He will also cause to be served on the assignee a copy of the foregoing papers, with a notice requiring said assignee to show cause before this court on Saturday, February 18th instant, at 11 o'clock a. m., why he should not be removed from his trust. The register will employ on behalf of the estate some proper counsel to represent the estate and the creditors in the matters set forth in the foregoing papers.

[1] [Reprinted by permission.]